Dear Mayor Coleman:
We are in receipt of your request for an Attorney General's Opinion regarding the authority of the Mayor/Board of Trustees and the Marshal of the Town of Jackson. Specifically, you ask whether the Board of Trustees or the Marshal possess the ultimate authority to terminate deputy marshals employed in the Marshal's department.
Upon examination of the Town of Jackson Code, Charter, and Bylaws, it is revealed that there is no provision directly on point that specifically delineates the power to terminate deputy marshals. However, the provision tantamount to your inquiry is Ordinance No. 136, codified as Section 7(D) of the Articles of Incorporation in the Town of Jackson Charter. This section provides for the approval of deputies by the Mayor and Board of Trustees upon the submission of proposed names submitted by the Marshal. Specifically, Section 7(D) states in pertinent part:
The Mayor and Board of Trustees shall:
 (3) Approve any deputies to serve under the Marshal reserving the right to reject any proposed deputies who do not meet their approval.
The Town of Jackson Code is clear in vesting the power to approve deputies in the Board of Trustees. It should be first noted that the language of the charter specifies that the Mayor and Board of Trustees must "approve" deputies to serve under the Marshal, not
"appoint" deputies to serve under the Marshal. The use of this language is a clear indication that the Mayor and Board of Trustees may not act unilaterally in the hiring of a deputy marshal. Although the Mayor and Board of Trustees have the ultimate authority in hiring deputy marshals via their approval, the Marshal must first submit the names.
Synonymous to this notion of recommending and approving for hiring is the concept of recommending and approving for termination. The right granted to the Marshal to make recommendations for the approval of deputy marshals also comes with it the right to make recommendations for terminations. Likewise, the power granted to the Mayor and Board of Trustees to ultimately approve deputies recommended by the Marshal for hiring, comes with it the power to ultimately terminate deputies recommended by the Marshal for termination. Therefore, the Board of Trustees has the ultimate authority to approve and terminate deputy marshals, but the Marshal must first make a recommendation for the approval or termination.
In summary, it is the opinion of this office that the Mayor and Board of Trustees of the Town of Jackson has the ultimate authority not only to approve but also to terminate deputy marshals employed in the Marshal's department. However, it is the Marshal that must first make recommendations in either instance in order to effectuate an approval or rejection made by the Board of Trustees.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ANDREW D. BENTON Assistant Attorney General